**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, FIRST DISTRICT**

| | |
|---|---|
| KIM MITCHELL, ROMMY HENLEY, RAPHAEL ZILCH, EDWARD STOROZUK, BRIAN SHERMAN, and JOE NEWHART<br><br>    Plaintiffs<br>v.<br><br>JOHN A. POPAIUK, indiv. And d/b/a ZIDWARE, INC., and ZIDWARE, INC., an Illinois Corporation,<br>Defendants<br><br>    Defendants | Case No. 2015 M1 110181 |

**THIRD-PARTY RESPONDENT'S MOTION TO QUASH THIRD-PARTY CITATION TO DISCOVER ASSETS FOR LACK OF PERSONAL JURISDICTION**

Third-party Respondent, DEEPROOT PINBALL LLC, a Texas limited liability company ("Respondent"), by and through their attorneys, MITCHELL S. CHABAN and ROBERT G. COOPER, of LEVIN GINSBURG, respectfully request that Plaintiffs' Third-Party Citation to Discover Assets ("Third Party Citation") be quashed for lack of personal jurisdiction pursuant to 735 ILCS 5/2-301, and in support thereof, states:

## I.   INTRODUCTION

The Court lacks personal jurisdiction over Respondent, a Texas entity, whose principal and only place of business is in Texas. Respondent lacks the minimum continuous contacts with the state of Illinois required for the Court to exercise personal jurisdiction over Respondent under the Illinois Long-Arm Statute. As a result, Plaintiff's Third Party Citation should be quashed.

## II.   ARGUMENT

When determining whether personal jurisdiction exists under Illinois law, the Court must consider whether the exercise of jurisdiction comports with the Illinois Long-Arm Statute, the

due process guarantees of the United States Constitution, and the due process rights afforded under the Illinois Constitution. *Viktron Ltd. P'ship v. Program Data*, 326 Ill. App. 3d 111, 117 (2nd Dist. 2001). However, the analysis is simplified because pursuant to the Illinois Long-Arm Statute, as codified in *735 ILCS 5/2-209*, an Illinois court may exercise personal jurisdiction over a defendant on any basis permitted by the United States Constitution. *735 ILCS 5/2-209(c)*. The Due Process clause of the Fourteenth Amendment to the United States Constitution limits the personal jurisdiction of state courts. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.,* 137 S. Ct. 1773, 1779, 198 L. Ed. 2d 395 (U.S. 2017). Thus, the pertinent question before the Court is whether or not asserting jurisdiction would be constitutional.

Pursuant to the Fourteenth Amendment, a state court may validly assert personal jurisdiction over a party if it has "general" jurisdiction, which subjects the party to suit on any claim in the forum, or, in the alternative, if it has "specific" jurisdiction over the defendant, where jurisdiction originates in claims arising from the party's contacts with the forum state. *See Id; Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (U.S. 1984); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (U.S. 1985). In this instance, there is neither general nor specific personal jurisdiction over Respondent.

### A. The Court Does Not Have General Jurisdiction Over Respondent

The paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a company, it is an equivalent place, one in which the corporation is fairly regarded as at home. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 922, 180 L. Ed. 2d 796 (U.S. 2011). With respect to a corporation or company, the place of incorporation and principal place of business are paradigm bases for general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014).

Here, Respondent's home state is Texas. Respondent was organized in Texas, operates almost exclusively in Texas, and has its principal and only place of business in Texas. See Exhibit 1: Affidavit of Robert Mueller. Accordingly, Texas is the appropriate state to proceed on a citation to discover assets against Respondent. *See Daimler AG*, 571 U.S. 117, 137, (2014).

General jurisdiction can only be exercised over a party outside of its home-state where in-state contacts were sufficiently "continuous and systematic" to justify the exercise of general jurisdiction over claims unrelated to those contacts. *Id*. Such contacts must be more than just "continuous activity of some sorts within a state." *Id*. Mere purchases made in the forum state, even if occurring at regular intervals, are not enough to warrant a state's assertion of general jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions. *Id* citing *Helicopteros*, 466 U.S., at 416. The minimum contacts with the forum state must be the result of the defendant's purposefully availing itself of the privilege of conducting business in the forum state, thereby invoking the protections and benefits of the forum state's law. *Hanson v. Denckla*, 357 U.S. 235, 253 (U.S. 1958); *Int'l Med. Group, Inc. v. American Arbitration Ass'n, Inc.,* 312 F.3d 833, 846 (7th Cir. 2002).

Respondent has insufficient contacts with Illinois for this Court to assert general jurisdiction over Respondent. In fact, Respondent has virtually no contacts with Illinois. Respondent is a pinball machine design company. Ex. A, Affidavit of Robert Mueller. Respondent does not do business in Illinois. Ex. A, ¶ 5. Respondent is not registered to do business in Illinois. Ex. A., ¶ 6. To date, Respondent has no sales whatsoever, let alone in Illinois, as the business is still in its design phase. Ex. A., ¶ 4. Respondent operates its business largely within the state of Texas. Ex. A., ¶ 3. Respondent does not maintain offices or manufacturing facilities in Illinois. Ex. A., ¶ 7. Respondent does not employ anyone within the

State of Illinois. Ex. A., ¶ 8. Respondent does not deliver goods to Illinois. Ex. A., ¶ 9. Respondent does not order goods from Illinois. Ex. A., 10. Respondent's only contact with the state of Illinois is through two independent contractors who have performed some product design services within the state of Illinois. Ex. A., ¶ 11. As is obvious from the foregoing, Respondent does not have sufficient contacts with the state of Illinois for the Court to assert personal jurisdiction over Respondent.

### i. *The Court Does Not Have Specific Jurisdiction Over Respondent*

In order for a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear*, 564 U.S., at 919, 131 S.Ct. 2846. The action must arise out of the party's contacts with the state. *See Id*.

The instant action, a third-party citation, is unrelated to any acts performed by Respondent. Respondent did not perform any act in Illinois that led to the issuance of the third-party citation. Plaintiffs are simply looking for the debtor's assets in Texas and improperly trying to avoid filing their action in the appropriate forum state (Texas).

As it there is no basis to assert general or specific jurisdiction over Respondent, the Court does not have jurisdiction over Respondent. Any attempts to move forward with this action in Illinois would violate the due process clause of the Fourteenth Amendment of the United States Constitution. Accordingly, Plaintiffs' Third-Party Citation should be quashed.

WHEREFORE, Third-party Respondents, DEEPROOT PINBALL LLC, a Texas limited liability company respectfully requests that this Court quash Plaintiffs' Third-Party Citation to Discover Assets, due to lack of personal jurisdiction, award Respondents plus cost and such relief as this Court deems just.

Respectfully submitted,

DEEPROOT PINBALL LLC

By: _____
      One of its attorneys

Mr. Mitchell S. Chaban
Mr. Robert G. Cooper
LEVIN GINSBURG
Firm No. 24765
Attorneys for Third-Party Respondent
180 North LaSalle Street, Suite 3200
Chicago, Illinois 60601-2800
Telephone: (312) 368-0100
Telefax: (312) 368-0111

## **CERTIFICATE OF SERVICE**

I, Mitchell S. Chaban, an attorney, hereby certify that I caused a copy of the foregoing **THIRD-PARTY RESPONDENT'S MOTION TO QUASH THIRD-PARTY CITATION TO DISCOVER ASSETS FOR LACK OF PERSONAL JURISDICTION** to be served upon the following via email and United States mail this 10th day of July 2018:

Zane D. Smith & Associates, Ltd.
221 N. LaSalle Street, Suite 1320
Chicago, IL  60601
Zane@zanesmith.com

Mitchell S. Chaban

# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| KIM MITCHELL, ROMMY HENLEY, RAPHAEL ZILCH, EDWARD STOROZUK, BRIAN SHERMAN, and JOE NEWHART<br><br>    Plaintiffs<br>v.<br><br>JOHN A. POPAIUK, indv. And d/b/a ZIDWARE, INC., and ZIDWARE, INC., an Illinois Corporation,<br>Defendants<br><br>    Defendants | Case No. 2015 CH 110181 |

## AFFIDAVIT OF ROBERT MUELLER

I, Robert Mueller, being duly sworn depose and state:

1. I have personal knowledge of the facts set forth in this Affidavit.

2. I am the manager of DEEPROOT PINBALL LLC ("deeproot Pinball"), a Texas limited liability company, the respondent named in Plaintiff's Third-Party Citation to Discover Assets.

3. deeproot Pinball is a pinball machine design company organized in Texas that operates largely within the state of Texas, and has its principal place of business in Texas. Respondent does the majority of its business within the state of Texas.

4. To date, deeproot Pinball has no sales whatsoever, let alone in Illinois, as the business is still in its design phase.

5. deeproot Pinball does not do business in Illinois.

6. deeproot Pinball is not registered to do business in Illinois.

Page 1 of 2

7. deeproot Pinball does not maintain offices, inventory or manufacturing facilities in Illinois.

8. deeproot Pinball does not employ anyone within the State of Illinois.

9. deeproot Pinball does not deliver goods to Illinois.

10. deeproot Pinball does not order goods from Illinois.

11. deeproot Pinball's only contact with the state of Illinois is through two independent contractors who have performed some product design services within the state of Illinois.

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

By: _____
Robert Mueller, Manager of
DEEPROOT PINBALL LLC

**Prepared by:**
LEVIN GINSBURG
Firm No. 109890
180 N. LaSalle Street, Suite 3200
Chicago, Illinois 60601
Telephone: (312) 368-0100
Fax: (312) 368-0111